UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| UNITED ASSOCIATION OF JOURNEYMAN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY, UNDERGROUND UTILITY/LANDSCAPE LOCAL UNION NO. 355, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MANIGLIA LANDSCAPE, INC., et al.,<br><br>Defendants. | Case No. 17-cv-03037-RS (LB)<br><br>**ORDER (1) DENYING PLAINTIFF'S REQUEST FOR DOCUMENTS FROM THE LABORERS TRUSTEES, (2) DIRECTING PARTIES TO FURTHER MEET AND CONFER REGARDING NCDCL'S SEARCHES, AND (3) DENYING WITHOUT PREJUDICE LABORERS FUNDS ADMINISTRATIVE OFFICE'S MOTION TO QUASH**<br><br>Re: ECF No. 254, 258, 267, 276 |
|---|---|

## INTRODUCTION

The court assumes the reader's familiarity with the subject matter and procedural history of this case. The parties raise three disputes. First, the plaintiffs renew their request for certain audit files from the trustees of the Laborers Trust Funds for Northern California ("Laborers Trustees").[1] The Laborers Trustees filed a motion for a protective order to limit discovery.[2] Second, the plaintiffs ask the court to order the Northern California District Council of Laborers ("NCDCL")

---

[1] First Joint Letter Br. – ECF No. 254. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Laborers Trs. Mot. for Protective Order – ECF No. 258.

ORDER – No. 17-cv-03037-RS (LB)

1 to describe the searches it conducted in response to the plaintiffs' document requests.[3] Third, the Laborers Funds Administrative Office of Northern California, Inc. ("Administrative Office") moves to quash subpoenas that the plaintiffs issued for documents and a Rule 30(b)(6) deposition and moves for a protective order.[4]

The court held a hearing and now (1) denies the plaintiffs' request for documents from the Laborers Trustees and denies without prejudice the Laborers Trustees' motion for a protective order, (2) provides guidance with respect to the plaintiffs' request regarding NCDCL's searches and directs the parties to further meet and confer as necessary, and (3) denies without prejudice the Administrative Office's motion to quash and motion for a protective order.

**ANALYSIS**

**1. Documents From the Laborers Trustees**

The plaintiffs want documents relating to the Laborers Trustees' audits of nine employers who are not defendants in this case.[5] The plaintiffs had wanted to add those nine employers as new defendants and had filed a motion for leave to file a fourth amended complaint adding those employers as defendants.[6]

Several developments have arisen since the parties originally filed their letter brief. First, Judge Seeborg granted the Laborers Trustees' motion for partial summary judgment.[7] The Laborers Trustees thus are no longer parties in this case.[8] Second, Judge Seeborg denied the

---

[3] Second Joint Letter Br. – ECF No. 267.

[4] Adminsitrative Office Mot. to Quash – ECF No. 276.

[5] First Joint Letter Br. – ECF No. 254 at 2.

[6] Pls. Mot. for Leave to Amend – ECF No. 191.

[7] Summary-Judgment Order – ECF No. 272.

[8] *See id.* at 1 (granting summary judgment on "the only remaining claim levied against the [Laborers Trustees]").

ORDER – No. 17-cv-03037-RS (LB)    2

1 plaintiffs' motion for leave to amend to add the nine employers as new defendants.[9] In denying the

2 plaintiffs' motion, Judge Seeborg wrote that, among other things:

> The fact that this request for leave to amend was made shortly before fact discovery was set to close is also concerning. . . . [T]here is a serious question as to whether Plaintiffs' attempt to reshape the litigation shortly before the close of fact discovery is a litigation tactic designed to prolong the case and extend fact discovery with respect to the current defendants. Accordingly, given the circumstances of this request and the likely prejudice to the current defendants, Plaintiffs' request for leave to amend is denied.[10]

In light of the fact that the Laborers Trustees are no longer parties and the nine employers are not defendants and will not be added as defendants, the court denies the plaintiffs' request for documents from the Laborers Trustees.[11] The court denies without prejudice the Laborers Trustees' motion for a protective order as moot and because the Laborers Trustees' motion for a protective order did not comply with the court's standing order, which require the parties to file joint letter briefs instead of individual discovery motions.[12]

## 2. Searches by NCDCL

The plaintiffs raise disputes with five document requests:

- Request No. 34: All documents reflecting union dues, hiring hall fees, or any other contributions received for employees represented by you or any of your affiliated unions who were formerly members of Local 355 from 2010 through the present.

- Request No. 35: All documents reflecting hours reported, hourly wages received, or fringe benefit contributions made for employees represented by you or any of your affiliated unions performing Landscape Industry Work from 2010 through the present.

---

[9] Leave-to-Amend Order – ECF No. 273.

[10] *Id.* at 3.

[11] In addition to documents relating to the nine non-party employers, the plaintiffs requested "[d]iscrepancy reports" relating to Maniglia Landscape, which is a party. First Joint Letter Br. – ECF No. 254. The plaintiffs do not describe what those documents are and why they could not have gotten them from Maniglia Landscape (or, to the extent that they are documents internal to the Laborers Trustees that Maniglia Landscape does not have, why those documents are relevant now that the plaintiffs' claims against the Laborers Trustees have been dismissed).

[12] Standing Order – ECF No. 183-1 at 2–3.

ORDER – No. 17-cv-03037-RS (LB)    3

- Request No. 36: All communications between NCDCL and the Laborers Trust Funds concerning UA Local 355 from 2010 through the present.
- Request No. 37: All documents supporting any defense asserted in your Answer.
- Request No. 38: All documents regarding any allegation asserted in the operative Complaint.

With respect to request 36, the dispute appears to be one regarding the thoroughness of NCDCL's searches. NCDCL characterizes the plaintiffs' request regarding how they searched for documents as "discovery on discovery" and argues that the plaintiffs never served any interrogatories or took any Rule 30(b)(6) depositions regarding NCDCL's discovery responses.[13] To the extent that NCDCL is arguing that the plaintiffs had to issue a formal interrogatory to get information regarding NCDCL's search terms or methods and (if they believed the responses were inadequate) had to take a Rule 30(b)(6) deposition to inquire further, its argument goes too far. Parties exchange this sort of information as part of the general discovery meet-and-confer process without the need for formal "discovery-on-discovery" requests. *Cf. Apple, Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-CV-0630-LHK (PSG), 2013 WL 1942163, at *1, *4 (N.D. Cal. May 9, 2013) (ordering third-party subpoena recipient to produce its search terms and custodians after requesting party asked for this information "not as part of a formal Request for Production nor as an Interrogatory but rather as a request following a meet-and-confer"). On the other hand, to the extent that NCDCL is arguing that the documents that the plaintiffs are requesting now are duplicative of the documents they requested last year and that NCDCL discussed its document searches with the plaintiffs then, its objections to the plaintiffs' raising a dispute about those searches only now may be more well taken. With that guidance, the court directs the parties to further meet and confer to discuss what NCDCL did to search for documents responsive to this request.

---

[13] Second Joint Letter Br. – ECF No. 267 at 4.

ORDER – No. 17-cv-03037-RS (LB) 4

With respect to requests 34 and 35, the dispute appears to be conceptual, rather than simply a dispute regarding the thoroughness of NCDCL's searches. NCDCL says that it does not track this information and therefore cannot produce it.[14] The plaintiffs characterize NCDCL as claiming that it "does not control these records" and argue that NCDCL "cannot verify that it does not control records unless and until it performs an appropriate search."[15] That does not follow, and the plaintiffs cite no cases for that proposition. This does not appear to be a situation where all parties agree that certain records exist and the question is only who has control over them or whether the parties have searched thoroughly enough to locate them. Instead, it appears to be a situation where NCDCL is representing that the records do not exist because NCDCL does not track or record this information. The plaintiffs have not provided a basis why the court should disbelieve NCDCL's representation.[16] At this juncture, the court accepts NCDCL's representation that the documents the plaintiffs are requesting do not exist.

With respect to requests 37 and 38, it is unclear what the issue is. The plaintiffs complain that NCDCL said it has no documents responsive to these requests.[17] (As an aside, the NCDCL actually responded that it had "no *additional* documents" beyond the documents already produced in this case.[18]) If NCDCL has no documents, it has no documents — and that redounds to the plaintiffs' benefit, because if NCDCL represents that it has no documents that relate to the complaint's allegations or its defenses, it cannot later use a document to rebut the complaint's allegations or to support its asserted defenses that it did not earlier produce.

---

[14] *Id.* at 5.

[15] *Id.* at 3.

[16] The plaintiffs say that NCDCL's auditor produced a spreadsheet "outlining the total cumulative hours worked by all Laborers' local affiliated union members on a yearly basis." *Id.* at 3. NCDCL identified in its initial response to the plaintiffs' request that it had a spreadsheet containing certain information about hours worked and fringe-benefit contributions. NCDCL Resps. to Pls. Doc. Reqs. – ECF No. 267 at 11. It is not clear if this is the same spreadsheet. The plaintiffs have not provided any basis for their assertion that NCDCL has additional documents that track this information.

[17] Second Joint Letter Br. – ECF No. 267 at 2.

[18] NCDCL Resps. to Pls. Doc. Reqs. – ECF No. 267 at 13, 14 (emphasis added).

With the above guidance, the court directs the parties to further meet and confer as necessary. The court repeats Judge Seeborg's admonishment that the plaintiffs must take care that their requests are made in good faith and must refrain from "litigation tactic[s] designed to prolong the case and extend fact discovery with respect to the current defendants."[19]

### 3. The Administrative Office's Motion to Quash

The Administrative Office filed an individual motion to quash. The court's standing order states that the parties may not file formal discovery motions and must instead first meet and confer and, if they cannot resolve their disputes, may raise their disputes before the court in a joint letter brief.[20] At the discovery hearing, the Administrative Office said that they had understood that requirements applied only to formal parties to the litigation and not to third parties. For avoidance of doubt, the court clarifies that the joint-letter-brief process applies to third-party discovery disputes as well. The court denies without prejudice the Administrative Office's motion to quash and motion for a protective order in lieu of that meet-and-confer and joint-letter-brief process.

### CONCLUSION

The court (1) denies the plaintiffs' request for documents from the Laborers Trustees and denies without prejudice the Laborers Trustees' motion for a protective order, (2) directs the parties to further meet and confer as necessary regarding NCDCL's searches, and (3) denies without prejudice the Administrative Office's motion to quash and motion for a protective order.

**IT IS SO ORDERED.**

Dated: July 25, 2019

LAUREL BEELER
United States Magistrate Judge

---

[19] *See* Leave-to-Amend Order – ECF No. 273 at 3.

[20] Standing Order – ECF No. 183-1 at 2–3.

ORDER – No. 17-cv-03037-RS (LB)    6