UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED ASSOCIATION OF JOURNEYMAN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY, UNDERGROUND UTILITY/LANDSCAPE LOCAL UNION NO. 355, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MANIGLIA LANDSCAPE, INC., et al.,<br><br>Defendants. | Case No. 17-cv-03037-RS (LB)<br><br>**ORDER ADDRESSING SUBPOENAS TO THE LABORERS FUND ADMINISTRATIVE OFFICE OF NORTHERN CALIFORNIA AND RELATED DISCOVERY ISSUES**<br><br>Re: ECF No. 282 |

The court assumes the reader's familiarity with the subject matter and procedural history of this case. Plaintiff United Association Local 355 and non-party Laborers Fund Administrative Office of Northern California raise discovery disputes regarding a subpoena for documents and a subpoena for deposition testimony that Local 355 issued to the Administrative Office on the last day of fact discovery (July 12, 2019).[1] The court can address the disputes without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court holds that Local 355 may not enforce its subpoenas to the

---

[1] Joint Letter Br. – ECF No. 282. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 17-cv-03037-RS (LB)

Administrative Office but is open to hearing if it has discovery disputes with former defendants Oscar de la Torre and/or Byron Loney.

**1. Subpoenas to the Administrative Office**

Civil Local Rule 37-3 states that "[d]iscovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." Under the plain language of that rule, Local 355's subpoenas to the Administrative Office — which were issued on the fact-discovery cut-off date and called for responses after the cut-off — are not enforceable.

Local 355 maintains that Judge Seeborg extended the parties' deadline to issue discovery requests. Local 355's theory of the extension is as follows. On June 25, 2019, Local 355 filed a motion to extend the fact-discovery cut-off to at least September 6, 2019.[2] On July 11, 2019, Judge Seeborg issued an order captioned "Order Denying Motion to Extend Discovery Deadline."[3] In the order, Judge Seeborg wrote:

> On June 25, 2019, Plaintiffs requested an extension of the fact discovery deadline from July 12, 2019 to September 6, 2019. This request is denied; however the parties shall respond to any discovery propounded prior to the fact discovery cutoff notwithstanding the passage of this deadline.[4]

Local 355 argues that the clause that reads "the parties shall respond to any discovery propounded prior to the fact discovery cutoff" means that Judge Seeborg extended them the right to issue brand-new discovery requests to non-parties on the one day remaining before the fact-discovery cut-off.[5]

This argument strains credulity. Judge Seeborg's order is captioned "Order Denying Motion to Extend Discovery Deadline," and the body of the order states that the plaintiffs' request for an extension "is denied." Nothing in the order suggests that there was any grant of a discovery

---

[2] Pls. Mot. to Change Time – ECF No. 237.

[3] Order – ECF No. 266.

[4] *Id.*

[5] Joint Letter Br. – ECF No. 282 at 4.

ORDER – No. 17-cv-03037-RS (LB)   2

extension. Additionally, Local Rule 37-3 requires a showing of good cause before a court will enforce a discovery request that calls for responses or depositions after the applicable discovery cut-off. Nothing in the order found that the plaintiffs had shown that required good cause.

Judge Seeborg's order did not extend the fact-discovery cut-off. Local 355's subpoenas to the Administrative Office (which called for responses after the cut-off) thus are unenforceable under Local Rule 37-3.

The court denies the Administrative Office's request for costs and attorney's fees related to this discovery dispute.

## 2. Discovery of Oscar de la Torre and Byron Loney

Local 355 argues that it was prompted to issue its document subpoena to the Administrative Office by discovery issues it had with former defendant Oscar de la Torre.[6] Local 355 had earlier requested certain documents from Mr. de la Torre but was unable to obtain them because Mr. de la Torre represented that he did not have possession, custody, or control over them.[7] Local 355 contends that Mr. de la Torre's representation was false.[8] Local 355 maintains that its inability to obtain the documents from Mr. de la Torre is what necessitated its issuing a document subpoena to the Administrative Office.[9]

Local 355 also argues that it was prompted to issue its deposition subpoena to the Administrative Office by discovery issues it had with former defendant Byron Loney.[10] Local 355 had earlier taken Mr. Loney's deposition.[11] Mr. Loney refused to answer certain questions on the ground that he was testifying only in his capacity as a trustee and not in his capacity as manager of

---

[6] Joint Letter Br. – ECF No. 282 at 4.
[7] *Id.*
[8] *Id.* at 4 & n.5.
[9] *Id.* at 4.
[10] *Id.* at 4–5.
[11] *Id.*

ORDER – No. 17-cv-03037-RS (LB)   3

the Administrative Office.[12] Local 355 maintains that Mr. Loney's refusal to answer its questions is what necessitated its issuing a deposition subpoena to the Administrative Office to try to get the Office to provide a Rule 30(b)(6) witness to testify.[13]

While Local 355's subpoenas to the Administrative Office are untimely, its requests to Mr. de la Torre and Mr. Loney appear to predate the fact-discovery cut-off. If Local 355 wishes to pursue these issues, the court orders Mr. de la Torre and Mr. Loney to meet and confer with Local 355 for no less than two hours. If the parties cannot resolve their disputes, they may file a joint letter brief with the court.[14]

**IT IS SO ORDERED.**

Dated: August 5, 2019

LAUREL BEELER
United States Magistrate Judge

---

[12] *Id.* at 3, 5. The Administrative Office cites no cases in support of the proposition that a deposition witness testifying in an individual capacity can refuse to answer questions on that basis. *See id.* at 3.

[13] *Id.* at 5.

[14] Among other things, the letter brief should address what standard the court should apply to discovery requests that were made to individuals who were parties at the time the requests were issued but no longer are parties to the case.